**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Pierce Division**

**CASE NO. 16-CV-14531**

PATRICIA KENNEDY,

Plaintiff,

v.

GEIGER PROPERTIES OF FLORIDA, LLC. a/k/a BRIDGE PLAZA, BACCHUS USA, LLC d/b/a LA CASA LIQUORS, MARY DAWN, INC. d/b/a BOGEY & STOGEYS, THUY T. T. NGUYEN d/b/a DIAMOND SPA & NAILS,

Defendants.

## COMPLAINT

Plaintiff PATRICIA KENNEDY (**"Plaintiff"**) pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FADAI**"), hereby sues Defendants GREIGER PROPERTIES OF FLORIDA, LLC a/k/a BRIDGE PLAZA ("**Defendant Bridge Plaza**"), BACCHUS USA, LLC d/b/a LA CASA LIQUORS ("**Defendant La Casa Liquors**"), MARY DAWN, INC. d/b/a BOGEY'S & STOGEYS ("**Defendant Bogeys**") and THUY T. T. NGUYEN d/b/a DIAMOND SPA & NAILS ("**Defendant Diamond Spa**") (collectively "**Defendants**") for injunctive relief and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FADAI.

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA and the FADAI because she is a disabled individual who has physical impairments that substantially limits one or more major life activities.

6. Specifically, Plaintiff has physical impairments that require her to use a wheelchair to ambulate.

7. Defendant Bridge Plaza is Florida Limited Liability Company having its main place of Saint Lucie County, Florida

8. Defendant Bridge Plaza is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 1000-1080 Port Saint Lucie Boulevard, Port Saint Lucie, Florida 34982 (the "**Subject Premises**", "**Facility**", or "**Shopping Center**").

9. Defendant La Casa Liquors is a Florida Limited Liability Company having its main place of business in Saint Lucie County, Florida.

10. Defendant La Casa Liquors is the owner, lessee or operator of the liquor store known as La Casa Liquors (the "**Liquor Store**") located on the Subject Premises with the specific address 1054 SE Port St. Lucie Blvd., Port St. Lucie, Florida 34952.

11. Defendant Bogeys is a Florida Profit Corporation having its main place of business in Saint Lucie County, Florida.

12. Defendant Bogeys is the owner, lessee or operator of the bar known as Bogey's & Stogey's Cigar Shoppe Lounge (the **"Lounge"**) located on the Subject Premises 1032 SE Port St. Lucie Blvd., Florida 34952.

13. Defendant Diamond Spa is the owner, lessee or operator of a spa known as Diamond Spa Nail (the **"Spa"**) located on the Subject Premises with the specific address 1026 SE Port St. Lucie Blvd., Port St. Lucie, Florida 34952.

## GENERAL ALLEGATIONS

14. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a shopping center and other public establishments.

15. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

16. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

17. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

18. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FADAI and discriminating against individuals with disabilities.

19. In or about 2016, Plaintiff visited the Subject Premises to conduct business and encountered architectural barriers to access the Subject Premises.

20. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, she was subjected to discrimination by Defendants on the basis of her disability due to Defendants' ADA and FADAI violations.

21. Plaintiff was not able to access the main entrance or the parking lot, path of travel, access to goods and services and public restrooms.

22. Plaintiff shall return to the Subject Premises once the barriers violating the ADA and the FADAI are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises.

23. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FADAI, unless the injunctive relief requested herein is granted.

24. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA and the FADAI by Defendants if said violations are not corrected and made compliant.

25. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

26. Plaintiff desires to visit the Subject Premises again, not only to visit the different establishments, but to assure herself that the Subject Premises is in compliance with the ADA and the FADAI thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

27. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA and the FADAI because she plans on returning to the Subject Premises in the near future.

28. Defendants have discriminated and continue to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

29. Defendants are in violation of the ADA, ADAAG, and FADAI and are discriminating against Plaintiff as a result of the following violations:

**Defendant Bridge Plaza**

**<u>Access to Main Entrances of Facilities from Parking Lot</u>**

a. There are insufficient accessible parking spaces provided.

b. Ramps and changes in level encroach into the access aisles at the designated accessible parking spaces.

**Defendant La Casa Liquors**

**<u>Access and Path of Travel</u>**

c. Insufficient clearance in the shopping aisles due to an apparent policy and procedure where supplies and other items are placed so that they routinely encroach into the required clear floor space in the aisles thus blocking the accessible route and circulation path within the store.

**<u>Restrooms</u>**

d. The restroom is inaccessible due to an apparent policy and procedure where supplies and other items routinely encroach into the required clear floor space at the lavatory and commode, thus creating a situation where transferring from a wheelchair to the commode (or utilizing the lavatory) is unsafe if not impossible.

**Defendant Bogeys**

**<u>Access and Path of Travel</u>**

e. There are no accessible tables near the bar – only high top tables are provided.

f. The bar does not provide an accessible lowered section.

g. There are insufficient accessible tables in comparison to the total number of standing and seating spaces at the facility.

**<u>Restroom</u>**

h. No fully accessible restroom is provided.

i. The rear grab bar at the commode is less than 36" and does not extend from the centerline of the commode 12" minimum on one side, or 24" minimum on the other side to permit the existing 24" rear grab bar.

j. The side grab bar is less than 42".

k. There is no insulation beneath the lavatory.

l. The hand controls at the lavatory are inaccessible.

m. There is insufficient clearance between the Lavatory and the commode.

n. Items, such as a trash can, are placed in front of the required clear floor space between the commode and the facing wall preventing safe transfer from a wheelchair to the commode.

o. The lock to the door requires pinching and grasping.

p. The restroom is inaccessible due to an apparent policy and procedure where supplies and other items routinely encroach into the required clear floor space at the lavatory and commode, thus creating a situation where transferring from a wheelchair to the commode (or utilizing the lavatory) is unsafe if not impossible.

**Defendant Diamond Spa**

**Restroom**

q. No fully accessible restroom is provided.

r. There is insufficient clearance within the footprint of the restroom for a person in a wheelchair to maneuver into position to safely utilize the restroom.

s. No rear or side grab bars are provided at the commode.

t. The lavatory rests in a cabinet and thus has no clearance beneath it to facilitate its use by an individual in a wheelchair.

u. The hand controls at the lavatory are inaccessible.

v. There is insufficient clearance between the Lavatory and the commode a safe and easy transfer from a wheelchair to the commode

w. There is insufficient clearance between the commode and the facing wall due to a smaller footprint than the 56" required for that aspect.

x. The restroom is inaccessible due to an apparent policy and procedure where supplies and other items routinely encroach into the required clear floor space at the lavatory and commode, thus creating a situation where transferring from a wheelchair to the commode (or utilizing the lavatory) is unsafe if not impossible.

30. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA and FADAI violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FADAI violations, and the remedial measures necessary to remove

same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

31. By encountering the discriminatory conditions at Defendants' Facility, and knowing that it would be a futile gesture to return to the shopping center and other establishments unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

32. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

33. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

34. Plaintiff demands a non-jury trial on all issues to be tried herein.

**COUNT I—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant Bridge Plaza for ADA Violations)**

35. Plaintiff re-avers and incorporate paragraphs 1–34 as if fully set forth herein.

36. This action arises pursuant to the ADA.

37. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Bridge Plaza because of the shopping center's existing ADA violations.

38. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

39. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the shopping center.

40. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant Bridge Plaza contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

41. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant GREIGER PROPERTIES OF FLORIDA, LLC a/k/a BRIDGE PLAZA from continuing its discriminatory practices, ordering Defendant Bridge Plaza to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant Bridge Plaza to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT II—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant Bridge Plaza for FADAI Violations)**

42. Plaintiff re-avers and incorporates paragraphs 1–34 as if fully set forth herein.

43. This is an action for injunctive relief pursuant to FADAI.

44. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Bridge Plaza because of the Subject Premises' existing FADAI violations.

45. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FADAI.

46. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

47. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FADAI, Defendant Bridge Plaza contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

48. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant GREIGER PROPERTIES OF FLORIDA, LLC a/k/a

BRIDGE PLAZA from continuing its discriminatory practices, ordering Defendant Bridge Plaza to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant Bridge Plaza to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT III—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant La Casa Liquors for ADA Violations)**

49. Plaintiff re-avers and incorporate paragraphs 1–29(c)–(d), and 30–34 as if fully set forth herein.

50. This action arises pursuant to the ADA.

51. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant La Casa Liquors because of the Liquor Store's existing ADA violations.

52. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Liquor Store without the relief demanded herein pursuant to the ADA.

53. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Liquor Store.

54. By continuing to operate the Liquor Store with discriminatory conditions in violation of the ADA and ADAAG, Defendant La Casa Liquors contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

55. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Liquor Store, make the Liquor Store readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Liquor Store until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant BACCHUS USA, LLC d/b/a LA CASA LIQUORS from continuing its discriminatory practices, ordering Defendant La Casa Liquors to alter the Liquor Store as appropriate to comply with the ADA and ADAAG, ordering Defendant La Casa Liquors to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Liquor Store until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT IV—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant La Casa Liquors for FADAI Violations)**

56. Plaintiff re-avers and incorporates paragraphs 1–29(c)–(d), and 30–34 as if fully set forth herein.

57. This is an action for injunctive relief pursuant to FADAI.

58. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Liquor Store and its facilities, and has otherwise been discriminated

against and damaged by Defendant La Casa Liquors because of the Liquor Store's existing FADAI violations.

59. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Liquor Store without the relief demanded herein pursuant to the FADAI.

60. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Liquor Store.

61. By continuing to operate the Liquor Store with discriminatory conditions in violation of the FADAI, Defendant La Casa Liquors contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

62. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Liquor Store, make the Liquor Store readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Liquor Store until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant BACCHUS USA, LLC d/b/a LA CASA LIQUORS from continuing its discriminatory practices, ordering Defendant La Casa Liquors to alter the Liquor Store as appropriate to comply with the FADAI, ordering Defendant La Casa Liquors to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Liquor Store until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT V—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant Bogeys for ADA Violations)**

63. Plaintiff re-avers and incorporate paragraphs 1–29(e)–(p), and 30–34 as if fully set forth herein.

64. This action arises pursuant to the ADA.

65. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Bogeys because of the Lounge's existing ADA violations.

66. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Lounge without the relief demanded herein pursuant to the ADA.

67. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Lounge.

68. By continuing to operate the Lounge with discriminatory conditions in violation of the ADA and ADAAG, Defendant Bogeys contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

69. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Lounge, make the Lounge readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Lounge until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant MARY DAWN, INC. d/b/a BOGEY'S & STOGEYS from continuing its discriminatory practices, ordering Defendant Bogeys to alter the Lounge as

appropriate to comply with the ADA and ADAAG, ordering Defendant Bogeys to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Lounge until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT VI—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant Bogeys for FADAI Violations)**

70. Plaintiff re-avers and incorporates paragraphs 1–29(e)–(p), and 30–34 as if fully set forth herein.

71. This is an action for injunctive relief pursuant to FADAI.

72. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Bogeys because of the Lounge's existing FADAI violations.

73. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Lounge without the relief demanded herein pursuant to the FADAI.

74. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Lounge.

75. By continuing to operate the Lounge with discriminatory conditions in violation of the FADAI, Defendant Bogeys contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

76. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Lounge, make the

Lounge readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Lounge until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant MARY DAWN, INC. d/b/a BOGEY'S & STOGEYS from continuing its discriminatory practices, ordering Defendant Bogeys to alter the Lounge as appropriate to comply with the FADAI, ordering Defendant Bogeys to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Lounge until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT VII—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant Diamond Spa for ADA Violations)**

77. Plaintiff re-avers and incorporate paragraphs 1–29(q)–(x), and 30–34 as if fully set forth herein.

78. This action arises pursuant to the ADA.

79. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Diamond Spa because of the Spa's existing ADA violations.

80. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Spa without the relief demanded herein pursuant to the ADA.

81. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Spa.

82. By continuing to operate the Spa with discriminatory conditions in violation of the ADA and ADAAG, Defendant Diamond Spa contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

83. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Spa, make the Spa readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Spa until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant THUY T. T. NGUYEN d/b/a DIAMOND SPA & NAILS from continuing its discriminatory practices, ordering Defendant Diamond Spa to alter the spa as appropriate to comply with the ADA and ADAAG, ordering Defendant Diamond Spa to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the spa until the requisite modifications are completed, and for such further relief this court deems just and proper.

## COUNT VIII—CLAIM FOR INJUNCTIVE RELIEF
## (Against Defendant Diamond Spa for FADAI Violations)

84. Plaintiff re-avers and incorporates paragraphs 1–29(q)–(x), and 30–34 as if fully set forth herein.

85. This is an action for injunctive relief pursuant to FADAI.

86. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Diamond Spa because of the Spa's existing FADAI violations.

87. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Spa without the relief demanded herein pursuant to the FADAI.

88. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Spa.

89. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FADAI, Defendant Diamond Spa contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

90. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Spa, make the Spa readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Spa until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant THUY T. T. NGUYEN d/b/a DIAMOND SPA & NAILS from continuing its discriminatory practices, ordering Defendant Diamond Spa to alter the spa as appropriate to comply with the FADAI, ordering Defendant Diamond Spa to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the spa until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of December, 2016.

Respectfully submitted,

By: s/ Rafael Viego III

Rafael Viego III, Esq.
Florida Bar. No. 60967
Mario E. Lopez, Esq.
Florida Bar No. 98061
**FEDERAL DISABILITY ADVOCATES**
*Attorneys for Plaintiff*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone: (305) 717-7530
Facsimile: (305) 717-7539
E-mail: mlopez@jltrial.com
E-mail: rviego@jltrial.com
E-mail: eservice@jltrial.com

MEL/RV/lp
0011.001